**Randy Lee WOOD, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–441–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 14, 1999.

James Rasmussen, Wichita Falls, for Appellant.

Tim Cole, Montague, for Appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

**OPINION**

SAM J. DAY, Justice.

A jury convicted Randy Lee Wood of capital murder. Because the State did not seek the death penalty, he was automatically sentenced to life confinement. TEX. PENAL CODE ANN. § 12.31(a) (Vernon 1994). On appeal, Wood contends in his first point that his trial counsel was ineffective for failing to request an instruction on the lesser-included offense of murder. In points two and three, he argues that the trial court's application paragraph at the guilt-innocence phase of trial was erroneous and that he received ineffective assistance of counsel when his attorney failed to object to this paragraph.

## I. BACKGROUND

Because Wood does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary.

On October 2, 1996, Wood and two friends, Curtis Gambill and Joshua Bagwell, were driving around Waurika, Oklahoma, in Bagwell's grandfather's pickup. Although underage, they were drinking beer and whiskey. Heather Rich, the victim, later snuck out of her parents' home and met the boys at a travel trailer owned by Bagwell's grandparents. After Rich passed out from intoxication, Wood and Gambill put her in the backseat of the truck. Bagwell drove the pickup to Texas where Gambill eventually shot Rich nine times with a shotgun. Together, the three boys threw Rich's body over the side of a bridge and returned to Waurika. On the way, Wood discarded the used shotgun shells he had picked up at the bridge where Rich was shot. He also took Rich's cheerleader jacket to his home and burned it.

Wood later confessed to his participation in the offense and signed a written statement about the killing. In addition, he agreed to testify against Gambill and Bagwell and pled guilty to the offense of murder in exchange for the State's promise that no other charges would be filed against him. He later repudiated the plea bargain agreement but voluntarily testified at Bagwell's trial.

## II. FAILURE TO REQUEST A CHARGE ON THE LESSER–INCLUDED OFFENSE OF MURDER

■ In his first point, Wood contends he was entitled to a charge on the lesser-included offense of murder and his trial attorney was ineffective for failing to request this instruction. The standard for appellate review of effectiveness of counsel was set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). *See Ex parte Menchaca*, 854 S.W.2d 128, 131 (Tex.Crim.App.1993). The claimant must prove that his counsel's representation so undermined the "proper functioning of the adversarial process that the trial cannot be relied on having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064. Appellant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, appellant must show that his counsel's performance was deficient; second, he must show the deficient performance prejudiced the defense. *See id.* at 687, 104 S.Ct. at 2064.

■ The first component of this test is met by showing appellant's trial counsel made errors so significant that he was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See id.* The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. *See id.* at

687, 104 S.Ct. at 2064. This means an appellant must prove by a preponderance of the evidence that his defense attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that but for counsel's deficiency the result of the trial would have been different. *See id.* at 694, 104 S.Ct. at 2068; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997).

■ The question for our review is whether there is a reasonable probability that, absent counsel's errors, the fact-finder would have had a reasonable doubt on the issue of guilt, considering the totality of the evidence. *See Strickland*, 466 U.S. at 695, 104 S.Ct. at 2069. Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *See id.* at 689, 104 S.Ct. at 2065. Allegations of ineffective assistance of counsel must be firmly founded in the record because the reviewing court may not speculate about counsel's trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994).

■ A defense attorney's failure to request a jury instruction can render his assistance ineffective if, under the particular facts of the case, the trial judge would have erred in refusing the instruction had counsel requested it. *See Vasquez v. State*, 830 S.W.2d 948, 951 (Tex.Crim.App. 1992). However, it may be reasonable trial strategy not to request a charge on a lesser-included offense. *See Lynn v. State*, 860 S.W.2d 599, 603 (Tex.App.— Corpus Christi 1993, pet. ref'd). The defendant bears the burden of rebutting the strong presumption that, under the circumstances, counsel's decision not to request the instruction was sound trial strategy. *See Jackson*, 877 S.W.2d at 771–72 (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). Thus, the accused must provide a record on appeal from which the

reviewing court can determine that trial counsel's performance was not based on sound strategy. *See id.*

In this case, Wood acknowledges that "[a]n apparent question arises as to whether counsel was attempting to employ an all-or-nothing tactic at trial." He argues that there was some evidence in the record tending to negate his guilt on the capital murder charge, but because "it was abundantly clear from the uncontroverted evidence that Randy Wood was a party to *some crime*," his attorney's failure to request an instruction on the lesser-included offense of murder could not have been trial strategy.

We do not agree with this reasoning. If there was some evidence in the record tending to prove that Wood was not guilty of the charged offense, as he contends, it could be reasonable trial strategy to forego a charge on the lesser offense and argue for an acquittal on the greater. Moreover, if Wood's trial attorney had a different reason for not seeking the murder charge, it is not reflected in the record.[1] Although Wood filed a motion for new trial, he did not raise his ineffective assistance of counsel claim in that motion

and thus failed to develop a record that might have supported this claim. It is not uncommon in a case such as this for the trial counsel to employ an "all or nothing" tactic and there is nothing in the record to suggest that this was not the case here. *See, e.g., Lynn,* 860 S.W.2d at 603 (noting that appellant "required the jury to opt between murder, an intentional or knowing act, and acquittal. Such a decision, although risky, is sometimes successful."). In the absence of a record supporting his claim, Wood cannot overcome the strong presumption that trial counsel's strategy was reasonable from counsel's perspective at trial.[2] Point one is overruled.

## III. CO–CONSPIRATOR LIABILITY UNDER PENAL CODE SECTION 7.02(b)

In point two, Wood complains that the application paragraph in the trial court's charge erroneously allowed the jury to convict him of capital murder without finding that he specifically intended to cause Rich's death. Because capital murder under section 19.03(a)(2)[3] is a result of conduct offense, Wood argues that he could not be guilty in this case, even as a

---

1. Indeed, the record supports a conclusion that counsel's failure to request a lesser-included instruction on murder was trial strategy. Outside the presence of the jury, the defense attorney called Wood to the stand and elicited testimony that prior to trial, Wood *rejected* the State's offer to allow him to plead guilty on the lesser-included offense of murder in exchange for the State's agreement to bring no additional charges. Wood acknowledged that his attorney had advised him of the adverse consequences in rejecting the plea and going to trial for capital murder, but he testified that he knowingly disregarded that advice. Moreover, Wood testified that he also rejected an opportunity to have a conspiracy count included in the court's charge. Wood said his defense attorney had advised him that inclusion of the conspiracy count might be wise trial strategy because the jury could find him not guilty on the capital murder charge and still be able to punish him for a first degree felony. Wood rejected his attorney's advice and went to trial solely on the capital murder charge.

2. In addition, an instruction on a lesser-included offense is required only when some evidence, without regard to its strength or credibility, shows that the defendant is guilty of only the lesser offense. *See Arevalo v. State,* 970 S.W.2d 547, 548 (Tex.Crim.App. 1998). In this case, Wood argues that evidence in the record indicating that he did not specifically intend to cause Rich's death entitled him to the murder charge. However, even if the jury believed Wood's testimony that he did not specifically intend to cause Rich's death, that evidence would not permit the jury to find that if he was guilty, he was guilty of only murder. Because Wood was charged as a co-conspirator to capital murder under section 7.02(b) of the penal code, the State was not required to prove that he intended to cause Rich's death. *See supra* Part III.

3. A person commits [the offense of capital murder] if he commits murder as defined under Section 19.02(b)(1) and:
   the person *intentionally commits the murder* in the course of committing or attempt-

party, unless he specifically intended for Rich's death to occur as a result of his conduct. In support of his argument, Wood refers us to numerous cases holding that to be convicted of capital murder, the actor must have specifically intended to cause the death of another as a result of his conduct. *See Cook v. State,* 884 S.W.2d 485, 490 (Tex.Crim.App.1994); *Turner v. State,* 805 S.W.2d 423, 430 (Tex.Crim. App.), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Morrow v. State,* 753 S.W.2d 372, 375 (Tex.Crim.App. 1988). However, none of these cases addresses a defendant's liability under the law of parties set forth in section 7.02(b) of the penal code and are thus inapplicable.[4]

Notwithstanding the requirement that an actor charged with capital murder must have specifically intended to cause the death of another, penal code section 7.02(b) explains that *a party* may still be criminally responsible for the acts of another *even though the party did not intend for the act to occur as a result of his conduct.* TEX. PENAL CODE ANN. § 7.02(b). Under this section,

> [i]f, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, *though having no intent to commit it,* if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

*Id.* (emphasis added). Thus, if Wood were correct in his analysis, section 7.02(b) could never be applied in a capital murder prosecution because it clearly dispenses with the intent requirement. Wood's argument is contrary to the plain language of section 7.02(b) and, as explained below, has been consistently rejected by the Texas courts.

In *Ruiz v. State,* 579 S.W.2d 206 (Tex. Crim.App. [Panel Op.] 1979), a capital murder case, the court of criminal appeals held that section 7.02(b) eliminates the need for the State to prove the defendant's intent to kill the victim as long as the evidence established that a felony was committed as a result of a conspiracy and the murder should have been anticipated in carrying out the conspiracy to commit the underlying felony. *Id.* at 209.

In *English v. State,* 592 S.W.2d 949 (Tex.Crim.App.), *cert. denied,* 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980), another capital murder case, the defendant argued that the court's charge authorized the jury to convict him of capital murder under penal code section 19.03(a)(2) if it found that he committed a murder during the course of a conspiracy to commit robbery. As the court of criminal appeals explained, the application of section 7.02(b) does not turn a murder case into a conspiracy case.

> Section 7.02(b) ... does not address itself to the offense of conspiracy, but to an attempt to carry out a conspiracy; it encompasses attempted or completed offenses that are the object of the conspiracy. The statute spells out how an actor can be held criminally responsible for an offense committed by another, when the actor does not have the specific intent to commit the offense committed by the other.

---

ing to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, or obstruction or retaliation....

TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon 1994) (emphasis added).

4. Wood also refers us to *Duke v. State,* 950 S.W.2d 424 (Tex.App.—Houston [1 st Dist.] 1997, pet. ref'd), to "see how another court of appeals handled a similar situation." However, the defendant in *Duke* was charged as a party to capital murder under section 7.02(a)(2) of the penal code, not section

7.02(b), thus *Duke* is also inapplicable. Under section 7.02(a)(2), a person is criminally responsible for an offense committed by another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1994). Thus, in a capital murder case, the jury would have to find that a party-defendant charged under this section did intend to cause the murder. *See Duke,* 950 S.W.2d at 427.

*Id.* at 954. The *English* court noted that to return a guilty verdict, the charge given to the jury correctly required it to find that appellant had conspired to rob the victim and then in the course of that robbery, either appellant or one of his co-conspirators intentionally killed the victim. *Id.* This instruction did not allow the jury to find him guilty if a conspiracy had been committed, rather, it allowed the jury to find appellant guilty as a party to the offense of capital murder as designated in penal code section 19.03(a)(2). *Id.*

In *Montoya v. State*, 810 S.W.2d 160 (Tex.Crim.App.1989), *cert. denied*, 502 U.S. 961, 112 S.Ct. 426, 116 L.Ed.2d 446 (1991), the appellant argued that application of the 7.02(b) conspiracy theory in the court's charge was erroneous because the State failed to allege the offense of conspiracy in the indictment. *Id.* at 165. The court disagreed, explaining, "The [trial] court's charge did not instruct the jury to consider whether appellant was guilty of the separate offense of criminal conspiracy as set out in Section 15.02 [of the Penal Code]. Rather, the court's charge merely contained an alternative 'parties' charge as provided in V.T.C.A. Penal Code, Section 7.02(b)." *Id.* at 165. The court further noted that its examination of the case law revealed that "the law of parties" found in section 7.02(b) had often been applied in the context of capital murder. *Id.* (citations omitted).

And as recently as 1992, the court of criminal appeals reaffirmed that the "conspirator culpability instruction" in section 7.02(b) is applicable in a capital murder setting. *Fuller v. State*, 827 S.W.2d 919, 932 (Tex.Crim.App.1992), *cert. denied*, 509 U.S. 922, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993). The *Fuller* court noted with approval that the trial court's jury charge:

included instructions that "[a] person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense[,]" and "[i]f, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." ... The application paragraphs of the jury charge included language incorporating the above-mentioned party and conspirator culpability instructions. *Such theories of culpability may be appropriately applied in a capital murder setting.*

*Id.* at 932–33 (citations omitted) (emphasis added).

In holding that the evidence was legally sufficient to uphold the capital murder conviction, the *Fuller* court concluded that based on the record, a rational trier of fact could have found that the victim's murder was committed in furtherance of a burglary and the appellant should have anticipated the murder as a result of carrying out the burglary with his co-conspirators. *Id.* at 933 n. 14. Thus, the court of criminal appeals has rejected the argument advanced by Wood and approved the jury instruction that he contends was erroneous.[5] Because the court's charge was not erroneous, we overrule point two.

## IV.  FAILURE TO OBJECT TO TRIAL COURT'S CHARGE

In his final point, Wood contends that his trial counsel was ineffective

---

5.  The court's charge in Wood's case included the following instruction in paragraph six:

    If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, then all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated

for failing to object to the court's charge because it allowed the jury to convict him without finding that he specifically intended for Rich's death to occur as a result of his conduct. A defense attorney is not ineffective for failing to make futile objections or request instructions that are not required. *See, e.g., Kinnamon v. State,* 791 S.W.2d 84, 97 (holding defense attorney's failure to request a charge on the lesser-included offense was not ineffective assistance of counsel where the evidence did not authorize submission of a lesser-included offense charge), *overruled on other grounds by Cook v. State,* 884 S.W.2d 485, 491 (Tex.Crim.App.1994). Because we have already decided that the court's charge on the issue of intent was not erroneous, Wood's trial attorney did not render ineffective assistance of counsel by failing to object to the charge. Point three is overruled.

## V. CONCLUSION

Having overruled Wood's points on appeal, we affirm the trial court's judgment.

DAUPHINOT, J., filed a concurring opinion.

LEE ANN DAUPHINOT, Justice, concurring.

I write separately because the majority opinion conflicts with this court's opinion in *Ex parte Brosky.*[6] In *Brosky,* this court held that Brosky could be prosecuted for conspiracy to commit murder after being convicted of murder as a party.[7] We specifically stated that while criminal conspiracy requires proof of an agreement to commit an offense, murder as a party does not require proof of an agreement.[8]

In the case now before us, the indictment properly charged Appellant with capital murder under section 19.03(a)(2) of the penal code.[9] Because the law does not require that Appellant be indicted as a party, the indictment merely alleges that Appellant intentionally caused Rich's death in the course of committing kidnaping. The application paragraph of the jury charge required the jury to find a conspiracy, that is, an agreement. Yet, Appellant is not accused of entering into a conspiracy. In *Brosky,* we held that the additional element of an agreement establishes an offense separate and apart from guilt as a

as a result of the carrying out of the conspiracy. Capital murder, murder, and kidnapping are felonies.

In paragraph nine, the court applied the conspirator theory of liability set forth in section 7.02(b) to the facts of the case:

[I]f you find from the evidence beyond a reasonable doubt that Randy Lee Wood and Joshua Luke Bagwell and Curtis Allen Gambill entered into a conspiracy to kidnap Heather Rich, and that pursuant thereto they did carry out, or attempt to carry out, such conspiracy to kidnap Heather Rich in that on or about the 3 rd day of October, 1996, in Montague County, Texas, in the course of kidnapping Heather Rich, Curtis Allen Gambill intentionally caused the death of Heather Rich, by shooting Heather Rich with a shotgun, intending thereby to kill the said Heather Rich, and that the defendant, Randy Lee Wood, pursuant to said conspiracy, if any, with the intent to promote and assist Joshua Luke Bagwell or Curtis Allen Gambill in the commission of said kidnapping, then and there, at the time of the shooting, if any, was acting with and aiding the said Joshua Luke Bagwell or

Curtis Allen Gambill in the execution or attempted execution of said kidnapping of Heather Rich, if any, and that the shooting of Heather Rich followed in the execution of the conspiracy, if any, of Randy Lee Wood and Joshua Luke Bagwell and Curtis Allen Gambill to kidnap Heather Rich, and that the shooting of Heather Rich by Curtis Allen Gambill, if there was such, was done in furtherance of the conspiracy to kidnap Heather Rich, if any, and was an offense that should have been anticipated as a result of the carrying out of the conspiracy, then you will find the defendant, Randy Lee Wood, guilty of capital murder as charged in the indictment.

6. *Ex parte Brosky,* 863 S.W.2d 783 (Tex. App.—Fort Worth 1993, no pet.).

7. *See id.* at 788.

8. *See id.* at 784, 788.

9. Tex. Penal Code Ann. § 19.03(a)(2) (Vernon 1994).

party.[10]

The line of cases relied on by the majority directly conflicts with our *Brosky* opinion. The majority interprets these cases as allowing conviction as a party without the mens rea required by the statute. The jury must find that the primary actor, the shooter, intended to cause the victim's death. But in order to convict the non-shooter as a party, the jury is not required to find that the party, the non-shooter, intended to cause the death *or* that the shooter intended to cause the death, even though both section 19.03(a)(2) and the indictment require proof of specific intent to cause the death. This interpretation allows conviction on less evidence than required by either the statute or the indictment. The jury charge should contain all of the fundamental elements of the offense and should not allow conviction on less proof than required by the statute.

The Court of Criminal Appeals should revisit this issue. But we should either follow *Brosky* or disavow that opinion.

---

**10.** *See Ex parte Brosky,* 863 S.W.2d at 788.