11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Guadalupe Ortega a/k/a Lupe Ortega

Appellant

Vs.                   No.  11-99-00259-CR C
Appeal from Taylor County

State of Texas

Appellee

 

The jury convicted appellant of possession of
amphetamine with intent to deliver, found the 
enhancement paragraphs to be true, and assessed punishment at 50 years
confinement.  We affirm.

In his first point of error, appellant argues that
the trial court erred in denying his motion to suppress evidence.  In reviewing a trial court's ruling on a
motion to suppress, appellate courts must give great deference to the trial
court's findings of historical facts as long as the record supports the
findings.  Guzman v. State, 955 S.W.2d
85 (Tex.Cr.App.1997).  We must afford
the same amount of deference to the trial court=s
rulings on Amixed
questions of law and fact,@
such as the issue of probable cause, if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor.  Guzman v. State, supra at 89.  Appellate courts, however, review de novo Amixed questions of law and
fact@ not falling
within the previous category.   Guzman
v. State, supra.  When faced with a
mixed question of law and fact, the critical question under Guzman is
whether the ruling "turns" on an evaluation of credibility and
demeanor.  Loserth v. State, 963 S.W.2d
770, 773 (Tex.Cr.App.1998).  A question
"turns" on an evaluation of credibility and demeanor when the
testimony of one or more witnesses, if believed, is always enough to add up to
what is needed to decide the substantive issue.  Loserth v. State, supra. We must view the record in the light
most favorable to the trial court=s
ruling and sustain the trial court=s
ruling if it is reasonably correct on any theory of law applicable to the
case.  Guzman v. State, supra.  








Donnie Dale Edwards, with the Taylor County
Sheriff=s Department,
testified that on September 4, 1998, he went to an apartment complex along with
another agent Aattempting
to contact two people who were believed to be staying there who had outstanding
felony warrants.@  Agent Edwards stated that he had received
information that appellant lived at that apartment and that appellant had two
outstanding felony warrants.  After a
female left the apartment, she informed the officers that appellant was inside
of the apartment.  A uniformed officer
knocked on the door of the apartment, made contact with appellant,  placed him under arrest, and advised him of
his rights.  Agent Edwards asked
appellant if there were any narcotics in the residence, and appellant responded
that there was not. Appellant then gave the officers consent to search the
residence, and they found the amphetamine. 

Appellant specifically argues that the trial court
should have granted his motion to suppress evidence because the State did not
produce an arrest warrant at the hearing on his motion to suppress.  When a defendant seeks to suppress evidence
on the basis of a Fourth Amendment violation, the initial burden of proof is
placed upon the defendant.  Russell v.
State, 717 S.W.2d 7 (Tex.Cr.App.1986); Telshow v. State, 964 S.W.2d 303, 307
(Tex.App. - Houston [14th Dist.] 1998, no pet=n).  As the movant in a motion to suppress
evidence, a defendant must produce evidence that defeats the presumption of
proper police conduct and, therefore, shifts the burden of proof to the
State.  Russell v. State, supra.   A defendant meets his initial burden of
proof by establishing that a search or seizure occurred without a warrant.  Russell v. State, supra; Telshow v. State,
supra.   Without evidence affirmatively
showing that there was no warrant, the State never has the burden to prove
reasonable suspicion to detain or probable cause to arrest.   Telshow v. State, supra.

Agent Edwards testified at the hearing that there
were two outstanding felony arrest warrants for appellant.  On cross-examination, appellant=s trial counsel asked Agent
Edwards whether he showed appellant a copy of the warrants at the time of his
arrest.  Agent Edwards stated that he
did not have the warrants with him at the time of arrest but that he had the
warrant numbers.  Appellant has not met
his initial burden of establishing that he was arrested without a warrant.  Appellant has not shown that the trial court
erred in denying his motion to suppress evidence.  Appellant=s
first point of error is overruled.








In his second point of error, appellant argues
that the trial court erred in failing to instruct the jury on the lesser
included offense of possession of less than four grams of amphetamine.  A trial court must submit a jury instruction
on a lesser included offense if the offense is included within the proof
necessary to establish the offense charged and if there is some evidence in the
record "that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser offense."  Arevalo v. State, 943 S.W.2d 887, 889
(Tex.Cr.App.1997); Rousseau v. State, 855 S.W.2d 666, 672‑73
(Tex.Cr.App.), cert. den'd,  510
U.S. 919 (1993); see  TEX. CODE CRIM.
PRO. ANN. art. 37.09 (Vernon 1981).  In
order to raise the lesser included offense, the evidence must affirmatively
raise the issue; it is not enough that the jury could simply disbelieve
"crucial evidence pertaining to the greater offense."  Bignall v. State, 887 S.W.2d 21, 24
(Tex.Cr.App.1994).  

Appellant contends that the testimony from J. R.
Burch, the State=s
chemist, Aregarding
the less than absolutely positive nature of any finding of more than four grams
of amphetamine,@
raised the lesser included offense of possession of less than four grams of
amphetamine.  We disagree.

Burch testified at trial that he was asked to test
a suspected controlled substance involving appellant.  Burch testified that the substance tested positive for both
cocaine and amphetamine and that it weighed 4.06 grams.  Burch also testified that the scale used to
weigh the substance are routinely examined by the chemists in his department
and that, once a year, they are verified by a certified technician. 

On cross-examination, appellant=s trial counsel questioned
Burch about the possibility that the scales were inaccurate.  Burch was unable to state the last time the
scale was calibrated; but he explained that the scale was electronic and was
re-calibrated by turning it off, unplugging it, and then restarting the scale.
Burch explained  that if the scale still
appeared to give an inconsistent weight, a certified technician would be called
in to service the scale.  Burch
testified that in the nine years he had worked for the Department of Public
Safety Crime Lab, he was unaware of having to call in a technician to
re-calibrate a scale.  Burch further testified
that he had never known any scale at the department to function Aoutside of normal operating
limits.@  The record does not support appellant=s argument that he was
entitled to an instruction on the lesser included offense of possession of less
than four grams of amphetamine. 
Appellant=s
second point of error is overruled.  








In his third point of error, appellant complains
that he received ineffective assistance of counsel because his trial counsel
did not object to the trial court=s
failure to charge the jury on the lesser included offense of possession of less
than four grams of amphetamine.  As
discussed in appellant=s
second point of error, we find that appellant was not entitled to an
instruction on the lesser included offense of possession of less than four
grams of amphetamine.  Therefore, his
trial counsel was not ineffective in failing to object to the trial court=s charge.  Kinnamon v. State, 791 S.W.2d 84, 97
(Tex.Cr.App.1990), overruled on other grounds, Cook v. State, 884 S.W.2d
485, 491 (Tex.Cr.App.1994); Wood v. State, 4 S.W.3d 85 (Tex.App. - Fort Worth
1999, pet=n ref=d).  Appellant=s
third point of error is overruled.  

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

September 27, 2001

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.