Affirmed and Memorandum Opinion filed October 12, 2006








Affirmed
and Memorandum Opinion filed October 12, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00765-CR

NO. 14-05-00772-CR

 

 

JUAN LAZARO CASTILLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 1029793

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Juan Castillo, appeals his convictions for aggravated sexual assault and
indecency with a child.  In five issues, appellant contends the evidence is
legally and factually insufficient to support his convictions, and he received
ineffective assistance of counsel.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








I.
Background

On or
about August 28, 2004, the complainant, who is appellant=s sister in-law and an
eleven-year-old fifth grader, was preparing for family breakfast in her home. 
After finishing her morning bath, the complainant left the bathroom wearing
only her robe.  While she was in the hallway, appellant grabbed her by the arm,
covered her mouth, and brought her into her bedroom.  Appellant leaned the
complainant on the bed and proceeded to insert his finger into her vagina for
approximately one minute.  He then touched both of the complainant=s breasts.  As appellant molested the
complainant, he was laughing and smelled of beer.  When appellant left the
bedroom, he told the complainant that if she told anyone about what happened he
would kill her sister and nephews.  

Afraid
that appellant would hurt or kill her sister and nephews, the complainant did
not tell anyone for approximately two months.  During that time, the
complainant=s behavior began to change: her grades worsened at school, she began to Atalk back@ to her teachers and parents, and she
fought with other girls at school and her younger sister at home.  Some of
these behaviors occurred before the incident with appellant.  The complainant
eventually made an outcry and told her mother that someone had touched her, but
stated that she could only tell her sister Andrea who had touched her.  The
complainant=s mother brought her to her sister, and the complainant told her that
appellant, Andrea=s husband, had touched her.  The complainant and her family
called the police the next day.  The complainant spoke with Officer Amelia
Valdez, a juvenile sex crimes investigator with the Houston Police Department. 


II. Legal
Sufficiency of the Evidence








In his
first two issues, appellant contends the evidence is legally insufficient to
support his convictions for aggravated sexual assault of a child and indecency
with a child.  In a legal sufficiency review, we examine all of the evidence in
the light most favorable to the verdict to determine whether any rational trier
of fact could have found every element of the offense beyond a reasonable
doubt.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The jury, as trier of fact, has the exclusive province to weigh the evidence
and reconcile conflicts.  Id.  The jury may also draw reasonable
inferences from the evidence.  Villani v. State, 116 S.W.3d 297, 303
(Tex. AppCHouston [14th Dist.] 2003, pet. ref=d).

A person
commits aggravated sexual assault of a child if he intentionally or knowingly
causes the penetration of the child=s sexual organ by any means, and the
child is under fourteen years of age.  See Tex. Pen. Code Ann. ' 22.021 (Vernon 2003).  A person
commits indecency with a child if he, with the intent to arouse and gratify his
sexual desires, engages in sexual contact with the child, and the child is
under seventeen years of age.  See Tex.
Pen. Code Ann. ' 21.11 (Vernon 2003).  Sexual contact is defined as any
touching by a person of the anus, breasts, or any part of the genitals of a
child.  See Tex. Pen. Code Ann.
' 21.11(c)(1).  

Here,
the complainant testified that appellant grabbed her arm as she left the
bathroom, covered her mouth, and took her into her bedroom.  While there,
appellant penetrated her vagina with his finger and touched her breasts.  She
stated that while appellant was molesting her, he was laughing and smelled of
beer.  Appellant disputed this testimony stating he had not touched the
complainant, he had not been drinking either that morning or the night before,
and he did not know why he was accused of these crimes.  

In
reviewing all the evidence in the light most favorable to the verdict, a
rational jury could have found every element of both offenses.  Appellant
penetrated the complainant=s vagina with his finger, was laughing during the incident,
and the complainant was eleven years old at the time.  Therefore, the evidence
is legally sufficient to support both convictions.  See Wesbrook, 29
S.W.3d at 111.  Appellant=s first and second issues are
overruled.








III.
Factual Sufficiency of the Evidence

In a
factual sufficiency review, we view the evidence in a neutral light with
deference given to the jury verdict and the jury=s determinations on credibility and
demeanor of witnesses.  Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim.
App. 2004).  Evidence is factually insufficient if it is too weak to support
the finding of guilt beyond a reasonable doubt, or if the contrary evidence is
so strong that a reasonable jury could not find guilt beyond a reasonable
doubt.  Id. at 484.

The
complainant testified extensively about the events of August 28, 2004. 
Appellant disputed her version of events, stating he had never molested the
complainant either that morning or at any other time.  The complainant waited
approximately two months before making her outcry to her mother and sister.  In
her outcry, the complainant told her mother that Asomebody had touched [her] but [she]
couldn=t tell her who;@ she told her sister Andrea A[appellant] was touching her,@ but she did not say where.  The
complainant testified that the reason she did not come forward sooner was that
she was afraid appellant would carry out his threat to kill her sister and her
nephews.  

The
complainant and her mother testified that following the incident, the
complainant=s behavior began to change.  Her grades at school dropped, she began to Atalk back@ to her parents and teachers, and she
began to fight with other girls and her younger sister.  The complainant
acknowledged that some of these behaviors had occurred before the incident. 
The State=s psychological expert testified that these behaviors were consistent
with a child who had been sexually abused.  The expert further testified that
the root causes of these behaviors may be benign, having nothing to do with
sexual assault.  








Officer
Valdez testified there was no medical evidence indicating a sexual assault
occurred.  Medical evidence, however, usually cannot be recovered more than
seventy-two hours after a sexual assault.  Because the complainant=s outcry occurred two months after
the incident, there was no opportunity for medical evidence to be collected.  

On
cross-examination, the complainant testified about an incident where appellant
grabbed her arm while she was at the top of the stairs in her home.  Because
appellant had threatened her, the complainant was frightened by him.  The
complainant testified that she screamed, and Andrea slapped appellant and told
him not to touch her sister.  Andrea testified that appellant, the complainant,
and Andrea=s son were playing at the top of the stairs.  She admitted the
complainant was screaming, but said they were playing and that appellant was
not threatening the complainant.  Appellant testified that he did not touch the
complainant inappropriately.  He also denied being alone on the staircase with
the complainant and grabbing her arm.

Viewing
all the evidence in a neutral light, while there are some inconsistencies in
the evidence, we conclude the jury was rationally justified in finding guilt
beyond a reasonable doubt.  The evidence in this case boils down to conflicting
testimony from the complainant and appellant.  Because it is the jury=s sole responsibility to judge the
credibility of the witnesses, we may not substitute our own findings for those
of the jury.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
The State=s evidence is not too weak to support a finding of guilt, nor is
appellant=s contrary evidence so strong as to prevent a rational jury from finding
guilt beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484.  The
evidence is factually sufficient to support the verdict.  See id.  Appellant=s third and fourth issues are
overruled.

IV.
Ineffective Assistance of Counsel








In his
fifth issue, appellant claims he received ineffective assistance of counsel at
trial because trial counsel failed to object to various hearsay statements
between complainant and her mother and sister, the two outcry witnesses, and
trial counsel failed to object to Officer Valdez=s testimony regarding the absence of
physical evidence.  Appellant contends that because there was no objection at
trial, the complainant=s testimony was impermissibly bolstered by inadmissible
evidence, effectively denying appellant a fair trial.  

Ineffectiveness
claims are governed by the standard set forth in Strickland v. Washington. 
466 U.S. 668 (1984).  Under the Strickland standard, to prove
ineffectiveness, appellant must show by a preponderance of the evidence (1)
that counsel=s representation was deficient, falling below an objective standard of
reasonableness, and (2) there is a reasonable probability the result of the
proceeding would have been different but for trial counsel=s deficient performance.  Id. at
687B96;  Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005).  There is a strong presumption that
counsel=s performance fell within the wide
range of reasonable professional assistance.  Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999).  To overcome this presumption Aany allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.@  Id.  In the absence of
evidence regarding counsel=s reasons for the challenged conduct, the record on direct
appeal is simply undeveloped and cannot adequately reflect the alleged failings
of trial counsel.  Freeman v. State, 125 S.W.3d 505, 506 (Tex. Crim.
App. 2003). 

Here,
appellant did not allege ineffective assistance in a motion for new trial, and
the record contains no explanation for counsel=s conduct.  We may therefore reverse
only if Athe conduct was so outrageous that no
competent attorney would have engaged in it.@  Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001).  

A.        Outcry Statements

Appellant=s first contends that the complainant=s testimony was impermissibly
bolstered by inadmissible hearsay statements, not objected to at trial, offered
through  the complainant=s mother and sister.








Article
38.072 of the Texas Code of Criminal Procedure creates an Aoutcry exception@ to the hearsay rule in sexual
assault cases involving a child victim, twelve years of age or younger, and
applies to statements that describe the alleged offense made by the child to
the first person, eighteen years of age or older, to whom the child made a
statement about the offense.  Tex. Code
Crim. Proc. Ann. 38.072 (Vernon 2005).  To fit into the exception,
article 38.072 requires, 

(1) on or before the 14th day before the date the
proceeding begins, the party intending to offer the
statement: 

            (A)
notifies the adverse party of its intention to do so; 

(B)
provides the adverse party with the name of the witness through whom it intends
to offer the statement; and 

(C)
provides the adverse party with a written summary of the statement; 

(2)
the trial court finds, in a hearing conducted outside the presence of the jury,
that the statement is reliable based on the time, content, and circumstances of
the statement; and 

(3)
the child testifies or is available to testify at the proceeding in court or in
any other manner provided by law.

 

Id.








At
trial, the complainant=s mother testified that the complainant told her, Asomebody had touched [her], but [she]
couldn=t say who.@  The complainant=s sister testified that the
complainant told her A[appellant] was touching her,@ but she did not say where.  The
record reflects that more than fourteen days before trial, the State provided
notice of its intent to use the statements as well as the names of the witness
through which it intended to offer the statements, and that the child testified
at trial.  However, the record is silent as to whether the trial court held a
hearing to rule on the reliability of the statements as required by article
38.072.  Therefore, the complainant=s hearsay statements to her mother
and sister do not satisfy the article 38.072 hearsay exception.  

Appellant=s counsel may have had strategic
reasons for not objecting to the admission of the mother=s and sister=s testimony, including the admission
of conflicting statements from the two witnesses.  However, we may not
speculate on counsel=s motives in the face of a silent record.  See Thompson,
9 S.W.3d at 814.  Additionally, the same testimony had been previously admitted
without objection.  Thus, any harmful testimony was merely cumulative.  See
Mayes v. State, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991).  Accordingly,
we cannot say that defense counsel=s conduct was Aso outrageous that no competent
attorney would have engaged in it.@  See Garcia, 57 S.W.3d at
440.  

B.        Officer Valdez=s Testimony








Appellant
further argues that trial counsel=s failure to object to Officer Valdez=s testimony concerning the reasons
for the lack of medical evidence constituted ineffective assistance.  Appellant
contends his trial counsel should have objected to Officer Valdez=s speculation.  The record reflects
Officer Valdez is a police officer with five and a half years experience in the
Houston Police Department.  At the time of trial, Officer Valdez had worked as
a juvenile sex crimes investigator for a year and a half.  She received
training for three months and participated in approximately 100 hours of
classes in child abuse investigation, sexual abuse investigation, suspect
interrogation, and interviewing.  Therefore, her testimony as to the reasons
for the absence of medical evidence was the opinion of an expert.  Tex. R. Evid. 702.  Under Rule 702, expert
testimony is admissible when scientific, technical, or other specialized
knowledge will assist the trier of fact to understand the evidence or to
determine a fact in issue.  Because Officer Valdez=s testimony was admissible, trial
counsel did not render ineffective assistance by failing to object to it.  See
Wood v. State, 4 S.W.3d 85, 91 (Tex. App.CFort Worth 1996, pet. ref=d) (stating that it is not
ineffective assistance for an attorney to forego making futile objections). 
Appellant=s fifth issue is overruled.

Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed October 12, 2006.

Panel consists of Justices Fowler,
Frost and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).