COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

MARIO MARTINEZ, JR.,                                    No. 08-06-00274-CR

§

    Appellant,                                    Appeal from

§

v.                                                      195th District Court

§

THE STATE OF TEXAS,                                    of Dallas County, Texas

§

    Appellee.                                    (TC # F-0526847-LN)

§

## O P I N I O N

Mario Martinez, Jr., appeals his sentence of six years' imprisonment and a $2,500 fine, resulting from a non-negotiated guilty plea entered before the trial court to the charged offense of solicitation of a minor. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After Appellant entered his plea of guilty, the State and Appellant introduced evidence relevant to guilt. Appellant met "Macie," whom he believed to be a fifteen year-old girl from Garland, Texas, in an online chat room. "Macie" was actually Bruce Steven Marshall, a Garland Police detective assigned to work internet crimes against children. Appellant told "Macie" that he was nineteen years old, but he was actually thirty-one.

Appellant chatted with "Macie" online numerous times between April 26, 2005 and June 23, 2005. Over the course of their correspondence, Appellant turned the conversations sexual and sent her e-mails containing pictures of his penis. During that period, she referred to her age fifteen times and gave Appellant seven "outs," or opportunities to cut off contact and get away from the situation. Appellant solicited "Macie" for sexual contact, sexual intercourse, or deviate sexual intercourse a

total of twenty-eight times. Appellant never took any of the outs; he asked if she was a police officer.

When Appellant arrived to meet "Macie" with the purpose of engaging in sexual acts, Marshall arrested and interviewed him. Appellant brought two boxes of condoms to the meeting; each box contained three condoms. Appellant told Marshall that he knew "Macie" was fifteen and unhappiness with his wife's weight drove him to seek sex online. Appellant also told Marshall that he sought out children rather than adults because "kids were more fun to talk to." Police found evidence of other chats with minors on Appellant's computer. In two other conversations, Appellant attempted to solicit sex from two girls, one who claimed to be fourteen and one who said she was sixteen. These conversations occurred on June 22, 2005, the same day Appellant arranged to meet "Macie" and the day before his arrest.

According to Marshall, Appellant was not a good candidate for probation because he repeatedly attempted to solicit sex from underage girls. Marshall also found Appellant's willingness to expose himself online to be unusual. Dr. William Carter, a psychologist, completed a psychological profile of Appellant to determine whether he posed any future risk as a sexual offender. In Dr. Carter's opinion, Appellant would make a good candidate for probation.

Based upon his plea of guilty, the trial court found Appellant guilty and assessed his punishment at six years' imprisonment and a $2,500 fine. Appellant timely filed a notice of appeal.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his sole issue for review, Appellant argues that his trial counsel rendered ineffective assistance by failing to make proper objections to evidence introduced by the State during the punishment phase of the proceedings. The State contends that the record does not support Appellant's claim that his trial counsel was ineffective.

In *Strickland v. Washington*, the United States Supreme Court adopted a two-step analysis as the proper standard for determining claims of ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Appellant must show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Particularly, Appellant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Second, Appellant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To establish prejudice, Appellant must show that there is a reasonable probability that but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id*. This two-pronged test is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial produced unreliable results. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).

Appellate review of defense counsel's efficiency is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallet*, 65 S.W.3d at 63; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The burden to overcome that presumption falls on Appellant. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The assessment

of whether effective assistance was received must be made according to the facts of the case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Any allegation of ineffectiveness must be "firmly founded" in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005). To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. In the majority of instances, the record on direct appeal is undeveloped and unable to adequately reflect the failings of trial counsel. *Thompson*, 9 S.W.3d at 813-14, *citing Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). It will not sufficiently show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). We cannot speculate that no plausible professional reason exists for a specific act or omission. *Id.* Counsel should be provided an opportunity to explain their actions before being condemned as unprofessional and incompetent. *Id.* We rarely have the opportunity to make a determination with a record capable of providing a fair evaluation of the merits of an ineffective assistance claim. *See Thompson*, 9 S.W.3d at 813.

*Failure to Object to State's Exhibits 8, 9, and 10*

Appellant asserts that trial counsel's performance was deficient because he failed to object to the admission of State's Exhibits 8, 9, and 10 during the punishment phase. These exhibits include online chat transcripts in which Appellant attempted to solicit sex with two girls, one who claimed to be fourteen and the other who stated she was sixteen. The conversations contained in the State's exhibits 8 and 9 occurred on June 22, 2005, the same day Appellant arranged to meet "Macie" and the day before he was arrested. Appellant argues that his counsel was ineffective for failing to object to the exhibits, as they constituted unadjudicated extraneous offenses that were not

proven beyond a reasonable doubt. In the punishment phase of a trial, the State is entitled to offer two categories of evidence: (1) evidence of any matter the court deems relevant to sentencing, including but not limited to defendant's prior criminal record, his general reputation and character, opinions regarding his character, and (2) evidence of either an extraneous crime or bad act shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has been charged or convicted, notwithstanding Texas Rules of Evidence 404 and 405. TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a)(1)(Vernon Supp. 2008); *Cox v. State*, 931 S.W.2d 349 (Tex.App.--Fort Worth 1996), *pet. dism'd as improvidently granted*, 951 S.W.2d 5 (Tex.Crim.App. 1997). It is true that there is no way of proving beyond a reasonable doubt whether the other parties involved in the conversations were actually underage girls. However, the chats were admissible pursuant to Article 37.07, § 3(a)(1) as either proof beyond a reasonable doubt that Appellant committed the extraneous offense of attempted solicitation of a minor or as proof of bad acts committed by Appellant regardless of whether they constituted criminal offenses. *See Cox*, 931 S.W.2d at 356-57. These exhibits are admissible because they show a continuing pattern of behavior relevant to sentencing. Because the evidence was admissible under Article 37.07, § 3(a), Appellant's trial attorney was not obligated to object.

*Failure to Object*
*to Detective Marshall's Testimony*

Detective Marshall testified that Appellant was not a good candidate for probation because he repeatedly attempted to solicit sex from underage girls. Marshall also found Appellant's willingness to expose himself online to be unusual. Appellant claims that trial counsel was ineffective for "fail[ing] to object when Detective Marshall opined to the Court that Appellant was

lying because the instant case was 'not this cowboy's first rodeo.'" Appellant argues that this was an impermissible comment on his credibility and counsel was ineffective for not objecting on those grounds. However, Marshall was not commenting on Appellant's credibility. He was supporting his theory that Appellant was not a good candidate for probation because, through his investigation, Marshall had proof that Appellant attempted to solicit other underage girls. Marshall's opinion as to Appellant's suitability for probation was relevant and admissible as evidence. *See Ellison v. State*, 201 S.W.3d 714, 721-23 (Tex.Crim.App. 2006)(holding that probation officer's testimony regarding defendant's suitability for probation was relevant to sentencing pursuant to Article 37.07, § 3(a)(1)). Trial counsel did not render deficient performance by failing to object to this admissible evidence.

The record before us does not establish that trial counsel erred by failing to object to State's Exhibits 8, 9, and 10, or Detective Marshall's testimony. To the contrary, the evidence was admissible. An attorney is not required to make futile or meritless objections. *See Wood v. State*, 4 S.W.3d 85, 90 (Tex.App.--Fort Worth 1999, pet. ref'd). Because Appellant has failed to show that his trial attorney's performance was deficient, it is unnecessary to address the second prong of *Strickland*. We overrule Appellant's sole issue for review and affirm the judgment of the trial court.

October 23. 2008

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)