

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00426-CR

JASON KENT DAVIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jason Kent Davis appeals the trial court's judgment adjudicating him guilty of indecency with a child, revoking his community supervision, and assessing a sentence of twelve years' confinement.  We affirm.

## I.  BACKGROUND

On December 30, 2009, Appellant pleaded guilty to indecency with a child under a plea-bargain agreement.  The trial court deferred adjudication of guilt for

---

[1]*See* Tex. R. App. P. 47.4.

the offense and placed Appellant on community supervision for seven years. The relevant terms of Appellant's community supervision required him to (1) abstain from the consumption of alcohol, (2) complete a sex-offender treatment program, (3) have no unsupervised contact with any individual under the age of seventeen, and (4) abstain from viewing any sexually explicit material. On July 19, 2010, the trial court entered a supplement to Appellant's community supervision and ordered him confined in the Tarrant County Jail for thirty days.

On July 6, 2011, the State filed a motion to revoke Appellant's community supervision and adjudicate his guilt. In the motion, the State raised six grounds for the revocation: (1) consuming alcohol, (2) failing to complete one-third of his treatment program within one year, (3) failing to attend sex-offender counseling on multiple occasions, (4) being unsuccessfully discharged from sex-offender counseling, (5) having unsupervised contact with minor children, and (6) viewing pornographic material.[2] Appellant pleaded not true to the allegations.

The trial court conducted a hearing on the State's motion to adjudicate. Appellant's community supervision officer, Judith Choate, testified that Appellant admitted to her that he drank alcohol on July 19 and September 4, 2010. Appellant also told his therapist, Sean Braun, that he drank alcohol on July 19, 2010.

---

[2]The State waived a seventh ground—failing to pay his supervision fees.

Further, Appellant missed eight group-therapy sessions even though Choate had explained to Appellant that he could not miss such sessions unless he was "sick in the hospital, . . . in jail, or . . . dead." Appellant had explanations for many of the absences: he was at the dentist, he had to bury his horse using a tractor, and Braun told him not to go after he failed a polygraph exam. Appellant also failed to complete one-third of the requirements of his treatment program within a year. Specifically, he only completed six of the ten goals he was required to complete by December 2010.

Appellant admitted to Choate that he had unsupervised contact with his fifteen-year-old son, but immediately left once he realized there was no supervision. He also admitted to Braun and Choate that he had unsupervised contact with his thirteen-year-old daughter. These contacts were the cause of the trial court's July 19, 2010 supplemental-confinement order.

Finally, Appellant admitted to Choate that he viewed four pornographic videos, but claimed he did so inadvertently. He told Choate that he saw them only briefly because they were unlabeled and he was trying to determine what the videos were during a move.

After the trial court concluded that Appellant had violated the terms and conditions of his community supervision, adjudicated him guilty, and sentenced him, Appellant filed a motion for new trial, arguing that the evidence was insufficient "to support convictions." The motion was overruled by operation of law. *See* Tex. R. App. P. 21.8(c). Appellant now contends on appeal that the

3

trial court abused its discretion by finding him guilty, revoking his community supervision, and denying his motion for new trial because the evidence was insufficient to show he violated the terms and conditions of community supervision.

## II. STANDARDS OF REVIEW

A trial court's determination on a motion to adjudicate is reviewable in the same manner as the determination on a motion to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012). We review an order revoking community supervision and adjudicating guilt under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.* at 865.

If the State fails to produce a preponderance of the evidence to support adjudication and revocation, the trial court abuses its discretion. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). However, proof by a preponderance of any one alleged violation is sufficient to affirm an order revoking community supervision and adjudicating guilt. *See Bryant v. State*, 391

4

S.W.3d 86, 93 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.).

Similarly, we review a trial court's denial of a motion for new trial under an abuse of discretion standard and view the evidence in the light most favorable to the trial court's ruling. *See Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010); *Quinn v. State*, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *See Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

### III.  DISCUSSION

Appellant does not contest the veracity of the allegations that he missed group-therapy sessions, failed to complete one-third of his treatment program, and watched the videos; but he asserts that his excuses for the violations should render the denial of a new trial and the revocation and adjudication an abuse of discretion. Appellant's stated reasons for these violations were subject to the trial court's ability to make credibility determinations, which it obviously made against Appellant's position. We may not tread on the trial court's discretion in the manner Appellant invites. The evidence of these violations is sufficient to support the trial court's order. Thus, we conclude that the preponderance of the evidence shows that Appellant violated at least one condition or term of his community supervision and that the trial court did not abuse its discretion by revoking Appellant's community supervision and adjudicating his guilt or by

denying his motion for new trial. *See, e.g., Marcum v. State*, 983 S.W.2d 762, 767 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding probation officer's testimony that appellant did not meet reporting requirement sufficient to revoke); *Lozano v. State*, No. 03-07-00597-CR, 2008 WL 3540080, at *2 (Tex. App.—Austin Aug. 14, 2008, no pet.) (mem. op., not designated for publication) (recognizing trial court may disbelieve or not accept appellant's excuses for failing to comply with community-supervision conditions).

## IV.  CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 16, 2013