**Opinion filed February 21, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00185-CR

_____

## KEITH ELLIOT WOOD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20161B**

## M E M O R A N D U M   O P I N I O N

Keith Elliot Wood entered an open plea of guilty to the state jail felony offense of possession of methamphetamine. The trial court ordered a presentence investigation. After the disposition hearing, the trial court assessed Appellant's punishment at confinement in a state jail facility for two years, and it sentenced Appellant accordingly.

In his sole issue on appeal, Appellant contends that he was denied effective assistance of counsel at his disposition hearing because his counsel failed to object to the allegedly cruel and unusual sentence assessed by the trial court. We affirm.

At the disposition hearing, the State relied on the presentence investigation report and presented no testimony. But Appellant did testify. He testified as to his "significant criminal history," and he attributed that history to his methamphetamine addiction. Appellant had previously been on deferred adjudication in connection with a burglary-of-a-habitation charge. While Appellant was on deferred adjudication, the State charged him with misdemeanor theft. The trial court adjudicated Appellant's guilt and placed him on "regular" community supervision. Later, the State charged Appellant with yet another misdemeanor theft. The trial court then sent Appellant to a restitution center. When told to report to a community correction facility for drug treatment in San Angelo, Appellant did not. As to this instance, the prosecutor asked Appellant, "And that's when we had the third MTR and that's when we sent you down?" Appellant answered, "Right."

During his testimony, Appellant acknowledged his many failures to comply with the terms and conditions of his community supervision. Appellant recognized that his continued sobriety would require more than a 30-day inpatient program and that he would have to do more.

Appellant went on to say that, in addition to attendance at weekly group meetings, he was "tired of that lifestyle. It's -- it's a no-win situation on that lifestyle, and it's time for me to live life, and I like life better sober, and that's why I continue to stay sober." Appellant stated that he had not used since April 15, 2016, and that he could pass a drug test if one was ordered. Whereupon, the trial court declared a recess and ordered the drug test. The test results were positive for methamphetamine and amphetamine. Appellant confessed that he had last used three days prior to the

2

hearing; he blamed his relapse on the stress from his "terrified" anticipation of the hearing. Appellant admitted that life is full of stresses and that he had told his attorney he could pass a drug test that morning. Appellant agreed that he continued to use "even though [his] liberty [was] at stake." At the hearing, the State informed the trial court that Appellant had been arrested for another state jail felony theft after the presentence investigation had been finished.

After testimony and arguments concluded, the trial court reviewed the presentence investigation report and assessed Appellant's punishment at confinement for two years in a state jail facility. Appellant's trial counsel did not object to the sentence imposed.

In his sole issue, Appellant alleges that he received ineffective assistance of counsel because his attorney failed to object to his two-year sentence as cruel and unusual. The standard of review for Appellant's complaint of ineffective assistance of counsel is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

We review a claim of ineffective assistance of counsel under the *Strickland* standard, which involves a two-part analysis that includes a performance prong and a prejudice prong. *Id.* at 687. For the performance prong, Appellant must show that trial counsel's performance was deficient. *Id.* For the prejudice prong, Appellant must show that there is a reasonable probability that the outcome would have been different but for trial counsel's errors. *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 694. A failure to prove each prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of defense counsel's performance is highly deferential, and we presume that trial counsel's actions fell within the wide range of reasonable and professional assistance. *Strickland*, 466 U.S. at 689; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Walker v. State*, 406 S.W.3d 590, 594 (Tex. App.—Eastland 2013, pet. ref'd). To overcome this presumption, Appellant's claim of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). In most cases, a silent record that does not explain counsel's actions will not overcome the strong presumption of reasonable assistance. *Id.* at 813–14. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd). If trial counsel has not had an opportunity to explain the challenged actions, then we will not conclude that those actions constituted deficient performance unless they were so outrageous that no competent attorney would have engaged in them. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see also Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

We note that Appellant did not file a motion for new trial. Consequently, the appellate record does not contain an explanation from trial counsel concerning his actions. Because trial counsel has had no opportunity to explain his reasoning for his actions or lack thereof, we must assume that he had a strategic motivation for his conduct if any such motivation can be imagined. *Ex parte Varelas*, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001).

To prevail on an ineffective assistance claim for failure to make an objection, an appellant must show that the trial court would have erred if it had overruled the

objection. *Vaughn v. State,* 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). Appellant cannot meet this burden. Trial counsel is not ineffective for failing to make futile objections. *Wood v. State*, 4 S.W.3d 85, 91 (Tex. App.—Fort Worth 1999, pet. ref'd). Here, trial counsel was not ineffective for failing to object that Appellant's punishment constituted cruel and unusual punishment.

When a sentence falls within the statutory range of punishment, it is generally not "excessive, cruel, or unusual." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). The statutory range of punishment for a state jail felony is confinement in a state jail facility for not more than two years or less than 180 days. TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2018). Thus, Appellant's sentence fell within the statutory range.

An individual's sentence that is within the statutory range may constitute cruel and unusual punishment if it is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 287 (1983). However, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

Here, the trial court assessed Appellant's punishment at confinement for two years. At the hearing, Appellant admitted that he had a demonstrated history of criminal offenses and probation revocations. Appellant also lied to the trial court about Appellant's ability to pass a drug test. Appellant also had other criminal charges that the State chose not to file against him. Moreover, Appellant was arrested for state jail felony theft after the presentence investigation was complete—just ten days before the disposition hearing. Appellant further admitted that he continued to use drugs even though his liberty depended on his sobriety.

We have reviewed the record and found nothing to indicate that Appellant's sentence was grossly disproportionate to his offense. The sentence was appropriate given Appellant's history and testimony. Appellant has not shown that the trial court

would have erred if it had overruled an objection to Appellant's sentence. *See Wood*, 4 S.W.3d at 91. Thus, Appellant has not shown that his counsel rendered ineffective assistance. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


February 21, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.