**Ex parte Christopher William BROSKY.**

**No. 2–93–308–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1993.

Rehearing Overruled Nov. 16, 1993.

Ward Casey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles Mallin, Marvin Collins, Alan Levy, and David Escobar, Assts., Fort Worth, for appellee.

Before HILL, C.J., and WEAVER and DAY, JJ.

**OPINION**

DAY, Justice.

Christopher William Brosky appeals from the trial court's denial of his application for writ of habeas corpus.

We affirm.

On October 28, 1991, Brosky was indicted for the June 7, 1991 murder of Donald Thomas. The court's charge in that case included an instruction on the law of parties, also known as the law of complicity.[1] *See* TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). On March 22–23, 1993, a jury found Brosky guilty of murder and sentenced him to five years confinement, probated for ten years.

On April 1, 1993, Brosky was indicted for criminal conspiracy and engaging in organized criminal activity. *See* TEX.PENAL CODE ANN. § 15.02(a) (Vernon 1974), § 71.02(a)(1) (Vernon Supp.1993).[2] These charges also

---

1. References to the law of parties and the law of complicity in this opinion are interchangeable.

2. The April 1, 1993 indictment charges Brosky with two offenses: criminal conspiracy and engaging in criminal activity. The relevant statutes provide:

arise from the June 7, 1991 killing of Donald Thomas. Brosky filed an application for writ of habeas corpus in the 371st District Court, complaining that the prosecution for conspiracy would violate the double jeopardy clauses of TEX.CONST. art. I, § 14 and U.S. CONST. amend. 5. The trial court refused to grant the writ of habeas corpus, and Brosky appeals from that ruling.

In two points of error, Brosky asserts his prosecution for conspiracy is barred by the double jeopardy clause of the Fifth Amendment.[3] We find the double jeopardy clause does not bar the prosecution for conspiracy in this case.

■ In point of error one, Brosky argues his trial for conspiracy is barred because conspiracy to commit murder under Penal Code section 7.02 or 71.02 is "a species of lesser-included offense of murder by complicity." He contends, "The exception to the double jeopardy clause, based on the distinction between substantive offenses and conspiracy," *see United States v. Felix,* 503 U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), is therefore inapplicable in his case.

### § 15.02. Criminal Conspiracy
(a) A person commits criminal conspiracy if, with intent that a felony be committed:

(1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

(2) he or one or more of them performs an overt act in pursuance of the agreement.
TEX.PENAL CODE ANN. § 15.02(a).

### § 71.02. Engaging in Organized Criminal Activity
(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination ... he commits or conspires to commit one or more of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault, aggravated sexual assault, sexual assault, or forgery[.]
Act of June 15, 1989, 71st Leg., R.S., ch. 782, § 2, 1989 Tex.Gen.Laws 3468, 3468 (current version at TEX.PENAL CODE ANN. § 71.02(a)(1) (Vernon Supp.1993)).

Because the essential element of each offense, for purposes of this opinion, is an *agreement* with others to commit an offense, we will refer to them collectively as "conspiracy."

3. The Fifth Amendment of the United States Constitution provides:

We find conspiracy is not a lesser included offense of the law of parties. An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981); *Matter of S.D.W.,* 811 S.W.2d 739, 751 (Tex.App.—Houston [1st Dist.] 1991, no pet.).

Both criminal conspiracy and engaging in organized criminal activity require proof of a fact—an agreement to commit an offense— that murder as a party does not.[4]

[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb....
The double jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The Fifth Amendment prohibition against double jeopardy is fully applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 787, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). We will not address Brosky's rights under the Texas Constitution because he does not assert them in this appeal. *See Santikos v. State,* 836 S.W.2d 631, 632 n. 1 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992); *Heitman v. State,* 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App.1991).

4. The elements alleged in the first count of Brosky's October 28, 1991 indictment for murder were:

(a) a person
(b) intentionally or knowingly
(c) causes the death of an individual.
*See* TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1989). The elements alleged in the second count of the indictment for murder were:
(a) a person

Brosky argues the offense of murder as a party under Penal Code section 7.02(a)(2) requires proof of "acts of the parties," from which an *agreement* to commit the offense can be inferred. Irrespective of whether the jury may have inferred the existence of an agreement from Brosky's and his co-defendants' overt acts, this argument is beside the point. The court's charge at the guilt/innocence phase of the murder trial did not instruct the jurors they could infer an agreement existed from the overt acts. Rather, the jury was merely instructed that it could find Brosky guilty of murder if it found that ·he "acted with intent to promote or assist the commission of the offense by encouraging, directing, aiding or attempting to aid" his co-defendants in the murder of Donald Thomas.[5]

The only portion of the law of parties that refers specifically to a conspiracy is TEX. PENAL CODE ANN. § 7.02*(b)* (Vernon 1974), which the trial court excluded from the

charge at the defense's request. Brosky does not contend, and the record does not show, that the State argued to the jury that Brosky acted as part of a conspiracy. In short, the record is devoid of evidence that the State proved the fact of an agreement to commit murder in the murder trial.

We find that conspiracy does not differ from murder as a party in any of the ways set out in article 37.09. Thus, conspiracy is not a lesser included offense of murder as a party under that article.

Moreover, the United States Supreme Court has rejected Brosky's argument. In *Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954), defendants Pereira and Brading were charged with and convicted for violation of the federal mail fraud statute, violation of the National Stolen Property Act, and a conspiracy to commit those offenses. *Id.* at 3, 74 S.Ct. at 360, 98 L.Ed. at 441. The trial court charged the jury that

(b) with the intent to cause serious bodily injury
(c) commits an act clearly dangerous to human life
(d) that causes the death of an individual.
See TEX.PENAL CODE ANN. § 19.02(a)(2) (Vernon 1989).
In Texas, a person is criminally responsible as a party if:
(a) acting with intent to promote or assist the commission of the murder,
(b) he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.
See TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974).
The elements of criminal conspiracy alleged in the April 1, 1993 indictment are:
(a) a person
(b) with intent that a felony be committed
(c) agrees with one or more persons that they engage in conduct that would constitute murder; and
(d) one or more of them perform an overt act in pursuance of the agreement.
See TEX.PENAL CODE ANN. § 15.02(a)(1), (2) (Vernon 1974).
Finally, the elements of engaging in organized criminal activity, as alleged in the April 1, 1993 indictment are:
(a) a person
(b) with intent to establish, maintain, or participate in a combination
(c) conspires to commit
(d) murder.
See TEX.PENAL CODE ANN. § 71.02(a)(1) (Vernon Supp.1993).

5. The court's charge read, in pertinent part:

All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. A person is criminally responsible for an offense committed by the conduct of another if, *acting with intent to promote or assist the commission of the offense, he solicits or encourages, directs, aids, or attempts to aid the other person to commit the offense.* Mere presence alone will not constitute one a party to a crime.
Now, therefore, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of June, 1991, in Tarrant County, Texas, William George Roberts, III, intentionally or knowingly caused the death of an individual, Donald Thomas, by shooting the said Donald Thomas with a deadly weapon, to wit: a firearm ... and that the Defendant, Christopher William Brosky, then and there knew the intent, if any, of the said William George Roberts, III, to commit the murder of the said Donald Thomas, and that the Defendant *acted with intent to promote or assist the commission of the offense by encouraging, directing, aiding or attempting to aid* William George Roberts, III, to commit the offense of murder of the said Donald Thomas, then you will find the Defendant guilty of murder as charged in the indictment. [Emphasis added.]

one who "aids, abets, counsels, commands, induces or procures" the commission of an act is as responsible for that act as if he had directly committed the act himself. *Id.* at 9, 74 S.Ct. at 363, 98 L.Ed. at 445. The jury found Brading guilty in light of this instruction. *Id.* at 10, 74 S.Ct. at 363, 98 L.Ed. at 445.

Brading contended his conviction for both the substantive offenses and the conspiracy violated the double jeopardy clause of the Fifth Amendment. *Id.* at 11, 74 S.Ct. at 364, 98 L.Ed. at 446. The Supreme Court disagreed, stating:

> Brading's conviction [for mail fraud] does not turn on the agreement. Aiding, abetting, and counseling are not terms which presuppose the existence of an agreement. Those terms have a broader application, making the defendant a principal when he consciously shares in a criminal act, regardless of the existence of a conspiracy.... Thus, the charge of conspiracy requires proof not essential to the convictions on the substantive offenses—proof of an agreement to commit an offense ...— and it cannot be said that the substantive offenses and the conspiracy are identical, any more than that the two substantive offenses are identical.

*Id.* at 11–12, 74 S.Ct. at 364, 98 L.Ed. at 446.[6] *See also Nye & Nissen v. United States,* 336 U.S. 613, 620, 69 S.Ct. 766, 770, 93 L.Ed. 919, 925–26 (1949).

We are also unpersuaded by Brosky's reliance on *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). In that case, the Supreme Court concluded the federal conspiracy statute (21 U.S.C.S. § 846) is a lesser included offense of the federal continuing criminal enterprise statute (21 U.S.C.S. § 848). 432 U.S. at 150, 97 S.Ct. at 2215–16, 53 L.Ed.2d at 179–80.

Section 848 applies only to crimes involving a continuing series of violations undertaken by the accused "in concert with five or more other persons." *See* 21 U.S.C.S. § 848(c)(2)(A) (Law.Co-op.1984). The charges in the October 28, 1991 and April 1, 1993 indictments did not involve five or more persons, and there is no evidence the murder was part of a continuing series of violations. *Jeffers* is inapposite here.

We find conspiracy is not a lesser included offense of murder as a party. Point of error one is overruled.

■ In his second point, Brosky contends the April 1, 1993 indictment is "based on the same event" as his previous murder trial and therefore fails the *Blockburger* "same elements" test.[7]

Under this point, he relies on *United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), which abrogat-

---

**6.** The federal aiding and abetting statute and the Texas law of parties are similar substantively. The federal law provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

18 U.S.C.S. § 2(a) (Lawyers Co-op. 1979).

Tex.Penal Code Ann. § 7.02(a)(2) provides:

> (a) A person is criminally responsible for an offense committed by the conduct of another if:
>
> ....
>
> (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]

*Id.*

**7.** In *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), the Supreme Court enunciated the standard we are to apply when determining whether a second prosecution is for the "same offense":

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.... "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

*Id.* (citations omitted). *See also Rice v. State,* 861 S.W.2d 925 (Tex.Crim.App.1993) and *State v. Holguin,* 861 S.W.2d 919 (Tex.Crim.App.1993) (although these cases are not final and therefore not yet a part of the jurisprudence of the state, we cite them as indicating that the court of criminal appeals applies the *Blockburger* test now that *Grady* has been overruled).

ed the *Grady v. Corbin*[8] "same conduct" test. *See Dixon*, —— U.S. at ——, 113 S.Ct. at 2860. Brosky urges this court to "focus on the facts" the State will have to prove in the pending conspiracy trial. As we noted under point one, the facts to be proven in the conspiracy case differ from those established in the murder case. Nonetheless, Brosky relies heavily on *Dixon* to support his contention that he cannot be prosecuted for conspiracy because the State will use the same *evidence* to prove conspiracy as it did to prove murder by complicity in his previous trial.

*Dixon* does not address a prosecution for conspiracy after conviction for the substantive offense, however.[9] That issue was addressed in *United States v. Felix*, 503 U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). In *Felix* the United States Supreme Court, citing "longstanding authority," ruled that prosecution for conspiracy is not precluded by prior prosecution for the substantive offense. —— U.S. at ——, ——, 112 S.Ct. at 1380, 1385. *See also Dixon*, —— U.S. at ——, 113 S.Ct. at 2863 (the *Felix* rule is an exception to *Grady v. Corbin*).

The defendant in *Felix* was first tried and convicted in 1987 in Missouri federal court for attempting to manufacture an illegal drug. The government relied on evidence of Felix's prior drug activities in Oklahoma to get the conviction in Missouri. *Felix*, —— U.S. at ——, 112 S.Ct. at 1380. In 1989, Felix was tried and convicted in Oklahoma federal court for both conspiracy and substantive counts in connection with his Oklahoma drug operation. *Id.* At the Oklahoma trial, the government introduced much of the same evidence of the Missouri and Oklahoma drug-related activities that had been introduced in the Missouri trial. *Id.* at ——, 113 S.Ct. at 1381. The jury convicted Felix on all counts. *Id.*

Relying on the *Grady v. Corbin* "same conduct" test,[10] Felix argued the Fifth Amendment double jeopardy clause barred his prosecution for conspiracy in Oklahoma. *Id.* at ——, 113 S.Ct. at 1383. In response, the Supreme Court stated that "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *Id.* at ——, 113 S.Ct. at 1382. The court then noted "the rule that a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes," *id.* at ——, 113 S.Ct. at 1384, and affirmed the convictions. *Id.* at ——, 113 S.Ct. at 1385.

Brosky's case is also distinguishable from *Dixon* on another important point. The defendant in *Dixon* was arrested for second-degree murder and released on bond. *Dixon*, —— U.S. at ——, 113 S.Ct. at 2853. As a condition of his bond, the trial court ordered him not to commit "any criminal offense" and warned that a violation of this condition would subject him to a prosecution for contempt. *Id.* While awaiting trial, Dixon was arrested and indicted for possession of cocaine with intent to distribute. The trial court subsequently found Dixon guilty of criminal contempt, concluding the government had established "beyond a reasonable doubt that [Dixon] was in possession of drugs and that those drugs were possessed with the intent to distribute." *Id.* Importantly, the government had to prove *each element of the cocaine charge* in order to get a contempt conviction. Dixon later moved to dismiss the cocaine indictment on double jeopardy grounds, and the trial court granted the motion. *Id.*

In part III of the *Dixon* opinion, Justice Scalia reasoned that the prosecution for the cocaine charges failed the *Blockburger* "same elements" test because the drug offense did not include any *element* not contained in

**8.** 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

**9.** The sole question in *Dixon* was "Whether the Double Jeopardy Clause bars prosecution of a defendant on substantive criminal charges based upon the same conduct for which he previously has been held in criminal contempt of court." *Dixon*, —— U.S. at ——, 113 S.Ct. at 2854.

**10.** The *Grady* test provides: "[I]f, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted[,]" a second prosecution may not be had. 495 U.S. at 510, 110 S.Ct. at 2087, 109 L.Ed.2d at 557.

**788**

Dixon's previous contempt offense. *Id.* at ——, 113 S.Ct. at 2857. Scalia concluded that prosecution for the cocaine possession violated the double jeopardy clause. *Id.* at ——, 113 S.Ct. at 2858.

In striking contrast to the circumstances in *Dixon,* however, the State did not have to prove all the elements of conspiracy—namely, the *agreement* to commit an offense—to get a murder by complicity conviction in Brosky's case. Accordingly, Scalia's analysis in *Dixon* does not preclude Brosky's prosecution for conspiracy. In addition, part III of the *Dixon* opinion does not have the support of a majority of the court. Only Justice Kennedy joined Justice Scalia in this section of the opinion. *Dixon,* —— U.S. at ——, 113 S.Ct. at 2852. Curiously, Brosky interprets this portion of *Dixon* by inference from Chief Justice Rehnquist's partial dissent, rather than relying on Justice Scalia's own words.

A comparison of the elements of murder, criminal conspiracy, and engaging in organized criminal activity show they are not the same offense under the *Blockburger* test. The offense of murder as a party requires proof that the defendant, acting as a party, *caused the death of an individual.* Criminal conspiracy and engaging in organized criminal activity do not. Similarly, conspiracy and engaging in organized criminal activity require proof that the defendant *entered into an agreement, or conspired, with others,* which murder as a party does not. Applying the *Blockburger* same elements test, the result is clear: these crimes are different offenses.

Because the April 1, 1993 indictment satisfies the *Blockburger* test, the trial for conspiracy will not violate the double jeopardy clause. We overrule Brosky's second point of error. The trial court's judgment is affirmed.