MEMORANDUM OPINION ON REMAND
 
 [1]
 

 ANNE GARDNER, Justice.
 

 Appellant Rodger Lou Grissam challenges the legal and factual sufficiency of the evidence to support his conviction and twelve-year sentence for burglary. In our original opinion and judgment, we reversed the trial court’s judgment, rendered a judgment of conviction on the lesser included offense of criminal trespass, and remanded the case for a new trial on punishment. Grissam
 
 v. State (“Grissam I
 
 ”), No. 02-05-00422-CR, 2007 WL 2405122, at *4-5 (Tex.App.-Fort Worth Aug.24, 2007) (mem. op., not designated for publication),
 
 rev’d, Grissam v. State (“Grissam II”),
 
 267 S.W.3d 39, 40 (Tex.Crim.App.2008). Appellant’s indictment charged burglary under two theories, (1) breaking and entering with intent to commit theft and (2) breaking and entering and committing or attempting to commit theft.
 
 Id.
 
 at *1. The abstract paragraph of the jury charge contained only an instruction on “intent to commit theft,” but the application paragraph contained only an instruction on “committed or attempted to commit theft.”
 
 Id.
 
 at *2-3. Holding that there was no evidence that Appellant “committed or attempted to commit theft”-the only offense submitted by the application paragraph-we reversed the trial court’s judgment and rendered judgment on the lesser included offense of criminal trespass.
 
 Id.
 
 at *4, 5.
 

 The court of criminal appeals reversed our judgment, instructing us that because the charge contained both theories of burglary, even though only one was in the application paragraph, we should have measured the legal sufficiency of the evidence against the requirements for conviction under either theory.
 
 Grissam, II,
 
 267 S.W.3d at 40. Following the court of criminal appeals’ directive to weigh the sufficiency of the evidence against both theories of burglary, we now affirm the trial court’s judgment.
 

 Standards of Review
 

 When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 Clayton v. State,
 
 235 S.W.3d 772, 778 (Tex.Crim.App.2007). The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.
 
 Grotti v. State,
 
 273 S.W.3d 273, 280 (Tex.Crim.App.2008);
 
 Malik v. State,
 
 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.
 
 Gollihar v. State,
 
 46 S.W.3d 243, 253 (Tex.Crim.App.2001);
 
 Malik,
 
 953 S.W.2d at 240. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.
 
 See Curry v. State,
 
 30 S.W.3d 394, 404 (Tex.Crim.App.2000).
 

 When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.
 
 Neal v. State,
 
 256 S.W.3d 264, 275 (Tex.Crim.App.2008), cert.
 
 denied,
 
 — U.S. -, 129 S.Ct. 1037, 173 L.Ed.2d 471 (2009);
 
 Watson v. State,
 
 204 S.W.3d 404, 414 (Tex.
 
 *535
 
 Crim.App.2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder’s determination is manifestly unjust.
 
 Lancon v. State,
 
 253 S.W.3d 699, 704 (Tex.Crim.App.2008);
 
 Watson,
 
 204 S.W.3d at 414-15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.
 
 Watson,
 
 204 S.W.3d at 417.
 

 GRISSAM v. STATE
 

 In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id.
 
 We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.
 
 Id.
 
 We may not simply substitute our judgment for the factfinder’s.
 
 Johnson v. State,
 
 23 S.W.3d 1, 12 (Tex.Crim.App.2000);
 
 Cain v. State,
 
 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.”
 
 Johnson,
 
 23 S.W.3d at 8. Thus, we must give due deference to the factfin-der’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”
 
 Id.
 
 at 9.
 

 An opinion addressing factual sufficiency must include . a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.
 
 Sims v. State,
 
 99 S.W.3d 600, 603 (Tex.Crim.App.2003).
 

 Burglary
 

 The indictment charged Appellant with burglary of a habitation when he “did ... intentionally or knowingly, without the effective consent of Ashley Carey, the owner thereof, enter a habitation with intent to commit theft ... and did attempt to commit or commit theft.”
 
 See
 
 Tex. Penal Code Ann. § 30.02(a)(1) (Vernon Supp. 2008). The jury found him guilty “as alleged in the indictment.”
 

 Evidence
 

 Ashley Carey Greer was the State’s main witness at trial. She testified that she was alone in the home she shared with her parents one day when she heard someone knocking at the back door. Greer looked through the door’s peephole and saw two men whom she did not recognize standing at the door and a car parked in the residence’s carport where it could not be seen from the road. Greer testified that she did not speak or otherwise alert the men to her presence because she did not know them. She said that as she watched though the peephole, the men knocked on the door a few more times and then wiped their fingerprints from the metal screen door. The men then jiggled the door knob and opened the door, which was not locked. Greer testified that she crouched behind the door as it opened. Both men entered the house. One man, who was carrying a flashlight, walked into another room of the house, while the other man, whom Greer identified as Appellant, stood at the door. Greer testified that the other man told Appellant to tell someone
 
 *538
 
 increased the State’s burden.
 
 [4]
 
 It did not address the case in which the State’s trial strategy was to abandon an allegation in the indictment and the trial strategy did not work to the State’s advantage.
 
 [5]
 

 The Texas Court of Criminal Appeals has addressed the State’s trial strategy in not requesting a lesser included jury instruction, and a divided court has held that the State’s decision regarding trial strategy must be honored.
 
 [6]
 
 Judge Hervey wrote,
 

 The issue in this case is whether an appellate court may reform a trial court’s judgment to reflect a conviction for an unrequested lesser-included offense not submitted to the jury, when the appellate court decides that the evidence is insufficient to support the jury’s guilty verdict for the greater offense but is sufficient to support a conviction for the lesser-included offense. We decide that, under these circumstances, an appellate court may not reform the trial court’s judgment to reflect a conviction for the lesser-included offense.
 
 [7]
 

 Fortunately for the prosecution in
 
 Bro-sky v. State,
 
 appellate courts respected its trial strategy and did not try to revive a theory not presented to the jury.
 
 [8]
 
 In his original trial, the jury sentenced Brosky to ten years’ incarceration and recommended probation in a murder case. The State then indicted Brosky for organized criminal activity in the murder of the same person. Brosky brought a writ of habeas corpus arguing double jeopardy, and relief was denied. In the opinion on appeal from the second trial, this court noted, “[I]n the murder prosecution, the jury was not instructed on the conspiratorial theory of parties, nor did the prosecutor argue that Brosky acted as part of a conspiracy.”
 
 [9]
 
 Both convictions stood, and the second jury sentenced Brosky to forty years’ confinement. Fortunately for the State, the prosecution was allowed to determine its own trial strategy, and the appellate courts did not step in to “fix” the prosecution’s “mistake.”
 

 In the case now before this court, the State did not request a jury instruction on the abandoned allegation. The State did not object to the jury charge that did not include the abandoned count. The State did not complain on appeal to this court that the abandoned count should have been submitted to the jury. At some point appellate courts must accord lawyers the respect that is their due and allow them to pursue the trial strategy they deem best.
 

 The Texas Court of Criminal Appeals has now instructed this court to re-evaluate the sufficiency of the evidence under
 
 Malik
 
 by measuring the evidence not against what the jury was asked to weigh, but against the hypothetically correct charge as measured by the hypothetically correct indictment.
 
 [10]
 
 In this case, what is
 
 *539
 
 the hypothetically correct indictment? Is it the indictment before the State abandoned the first paragraph charging burglary with intent to commit theft, or the indictment as it stood after the State abandoned the first paragraph? Or have we been instructed that the State may no longer abandon an allegation without formally amending the indictment? If an appellate court may not modify a judgment to show conviction for a lesser included offense not requested or submitted to the jury,
 
 [11]
 
 may it nevertheless modify a judgment to show conviction for an abandoned allegation not submitted to the jury?
 

 The instruction upon which the Texas Court of Criminal Appeals has instructed this court to rely, and upon which the majority does rely, is an impermissibly expansive definition of burglary that was not properly before the jury.
 
 [12]
 
 The State not only did not object to the jury charge; the State, when asked if it had any objections or requested charges, responded, “No. Your Honor.” When a defendant states that he has “no objection” or does not object to the jury charge, charge error is reversible only if it results in egregious harm.
 
 [13]
 
 What is the effect when the State affirmatively declares that it has no objection to a jury charge that reflects abandonment of a paragraph of the indictment?
 

 The
 
 Malik
 
 court recognized the constitutional implications inherent in a sufficiency review in a footnote,
 

 We recognize that due process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury. Perhaps recognizing this principle, the Fifth Circuit implied that the complete absence of a party’s instruction from the jury charge may present constitutional problems. However, we do not believe that due process is necessarily violated by affirming a conviction in which the jury charge contains extra, unnecessary elements that are not supported by the evidence. Moreover, the Supreme Court has indicated that the
 
 McCormick
 
 [v.
 
 U.S.,
 
 500 U.S. 257, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991)]/
 
 Dunn [v. U.S.,
 
 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979)]/Cole
 
 [v. State of Ark,
 
 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948)] rule does not bar retrial of a criminal defendant.
 
 [14]
 

 So where do Apprendi,
 
 [15]
 
 Ring,
 
 [16]
 
 and Blakely
 
 [17]
 
 fit in? The Texas Court of Criminal Appeals explained,
 
 *542
 
 stract instruction in a jury charge that lacked a proper application paragraph. In concluding that the error was not cured by the abstract instruction, this Court said:
 

 [Ajbstract or definitional paragraphs serve as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge.... The inclusion of a merely superfluous abstraction, therefore, never produces reversible error in the court’s charge because it has no effect on the jury’s ability fairly and accurately to implement the commands of the application paragraph or paragraphs.
 
 [30]
 

 Definitions limit the jury’s consideration to the facts of the case, but they impose no temporal or geographic limitations and restrict consideration to no named persons. That is why the application paragraph is required. The jury must find all the elements of the offense, including culpable mental state, geographic location, guilty acts, and persons named.
 
 [31]
 
 The definitions do not incorporate the required elements set out in the indictment.
 

 I believe that minimal constitutional due process protections require that in a jury trial, the jury must find not the abstract elements of the offense, but the acts alleged in indictment. When the State abandons an allegation, it is no longer available to be reclaimed under
 
 Malik.
 
 If the State’s abandonment of the wrong allegation does not render the proof insufficient, which I believe it does in this case, it must at least constitute charge error under these facts because the offense described in the definition section of'the jury charge was not the offense submitted in the application paragraph. For these reasons, I must respectfully dissent from the majority’s opinion.
 

 [1]
 

 . ⅛'Tcx.R.App. P. 47.4.
 

 [4]
 

 .
 
 Malik,
 
 953 S.W.2d at 235, 240.
 

 [5]
 

 .
 
 See id.
 
 at 234-40.
 

 [6]
 

 .
 
 Haynes v. State,
 
 273 S.W.3d 183, 184 (Tex. Crim.App.2008).
 

 [7]
 

 .
 
 Id.
 

 [8]
 

 .
 
 Brosky v. State,
 
 915 S.W.2d 120, 140 (Tex.App.-Fort Worth, pet. ref'd),
 
 cert. denied,
 
 519 U.S. 1020, 117 S.Ct. 537, 136 L.Ed.2d 422 (1996).
 

 [9]
 

 .
 
 Id.
 
 (citing
 
 Ex parte Brosky,
 
 863 S.W.2d 783, 785 (Tex.App.-Fort Worth 1993, no pet.)).
 

 [10]
 

 .
 
 See Grissam II,
 
 267 S.W.3d at 40 (quoting
 
 Malik,
 
 953 S.W.2d at 240);
 
 Fuller v. State,
 
 73 S.W.3d 250, 260 (Tex.Crim.App.2002) (Wom-ack, J., concurring) (“The court of appeals found it unclear whether
 
 Malik
 
 would use a hypothetically correct jury charge that was based on a hypothetically correct indictment or one that was based on the actual indictment.”);
 
 Rosales v. State, 4
 
 S.W.3d 228, 235 n. 3 (Tex.Crim.App.1999) (Meyers, J., concur
 
 *539
 
 ring) ("By extending
 
 Malik
 
 to the context presented in this case, the majority appears to have created a ‘hypothetically correct indictment' doctrine.”),
 
 cert. denied,
 
 531 U.S. 1016, 121 S.Ct. 576, 148 L.Ed.2d 493 (2000).
 

 [11]
 

 .
 
 Haynes,
 
 273 S.W.3d at 184.
 

 [12]
 

 .
 
 See Plunkett v. Estelle,
 
 709 F.2d 1004, 1009 (5th Cir.1983),
 
 cert, denied, McKaskle v. Plunkett,
 
 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984);
 
 see, e.g., Cook v. State,
 
 884 S.W.2d 485, 491 (Tex.Crim.App. 1994) ("It is error for a trial judge to not limit the definitions of the culpable mental states as they relate to the conduct elements involved in the particular offense.”).
 

 [13]
 

 .
 
 Almanza
 
 v.
 
 Stale,
 
 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh’g);
 
 see
 
 Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006);
 
 Allen v. State,
 
 253 S.W.3d 260, 264 (Tex.Crim.App.2008);
 
 Hutch
 
 v.
 
 State,
 
 922 S.W.2d 166, 171 (Tex.Crim.App. 1996).
 

 [14]
 

 .
 
 Malik,
 
 953 S.W.2d at 238 n. 3 (citations omitted).
 

 [15]
 

 .
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
 

 [16]
 

 .
 
 Ring v. Arizona,
 
 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).
 

 [17]
 

 .
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
 

 [30]
 

 .
 
 Id.
 
 al 671 (citations omitted).
 

 [31]
 

 .
 
 Swearingen v. Slate,
 
 101 S.W.3d 89, 103 (Tcx.Crim.App.2003) (Johnson, J., dissenting) ("ITlhe reviewing court must remain cognizant that the state always carries the burden of proof to establish each and every element of a criminal offense at trial.”).