

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00194-CR

DAMIAN LAMON MURKLEDOVE                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## DISSENTING OPINION

Respectfully, I must dissent from the majority opinion. The conscientious majority follows the precedent set out by the Texas Court of Criminal Appeals in *Montoya v. State*.[1] The *Montoya* opinion states that section 7.02 in toto covers only the law of parties, not criminal responsibility for the acts of others as stated in its caption.[2] The result is a peculiar rule that provides that a person acts as a

---

[1] 810 S.W.2d 160 (Tex. Crim. App. 1989), *cert. denied*, 502 U.S. 961 (1991).

[2] *See id.* at 165.

party whether he acts as a party or as a co-conspirator.[3] That is, he is a party whether he is guilty of the offense alleged in the indictment (or a lesser included offense) or guilty of an offense alleged nowhere. The jury, then, is instructed to convict the defendant of the offense charged in the indictment whether they find him guilty of that offense or a totally different offense that is not a lesser included offense of that alleged.

The fact that conspiracy to commit murder is a different offense from murder is the distinction that allowed the Tarrant County District Attorney to secure the convictions of Christopher William Brosky for both the murder of Donald Thomas as a party and conspiracy to murder Donald Thomas.[4] After Brosky's murder conviction, for which he received a ten-year probated sentence, the public outrage caused the district attorney's office to seek a second bite of the apple. The district attorney sought and obtained an indictment against Brosky for conspiracy to commit the murder of Donald Thomas. Brosky filed a pre-trial application for writ of habeas corpus on the basis of double jeopardy. The trial court denied relief, and he appealed to this court. This court stated,

> Brosky asserts his prosecution for conspiracy is barred by the double jeopardy clause of the Fifth Amendment. We find the double jeopardy clause does not bar the prosecution for conspiracy in this case.

---

[3] *See id.*; *see also* Tex. Penal Code Ann. § 7.02 (West 2011).

[4] *Brosky v. State*, 915 S.W.2d 120, 139–40 (Tex. App.—Fort Worth, pet. ref'd), *cert. denied*, 519 U.S. 1020 (1996).

. . . .

We find conspiracy is not a lesser included offense of the law of parties. An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Both criminal conspiracy and engaging in organized criminal activity require proof of a fact—an agreement to commit an offense—that murder as a party does not.[5]

"Brosky argue[d] that the offense of murder as a party under [p]enal [c]ode section 7.02(a)(2) requires proof of 'acts of the parties,' from which an *agreement* to commit the offense can be inferred."[6] We explained that

[i]rrespective of whether the jury may have inferred the existence of an agreement from Brosky's and his co-defendants' overt acts, this argument is beside the point. The court's charge at the guilt/innocence phase of the murder trial did not instruct the jurors they could infer an agreement existed from the overt acts. Rather, the jury was merely instructed that it could find Brosky guilty of murder if it found that he "acted with intent to promote or assist the commission of the offense by encouraging, directing, aiding or attempting to aid" his co-defendants in the murder of Donald Thomas.

---

[5]*Ex parte Brosky,* 863 S.W.2d 783, 784 (Tex. App.—Fort Worth 1993, no pet.) (citations and footnote omitted).

[6]*Id.* at 785.

3

The only portion of the law of parties that refers specifically to a conspiracy is [section] 7.02(b), which the trial court excluded from the charge at the defense's request. Brosky does not contend, and the record does not show, that the State argued to the jury that Brosky acted as part of a conspiracy. In short, the record is devoid of evidence that the State proved the fact of an agreement to commit murder in the murder trial.[7]

This court stated unequivocally that "conspiracy does not differ from murder as a party in any of the ways set out in article 37.09. Thus, conspiracy is not a lesser included offense of murder as a party under that article."[8] Then, we spelled it out:

The offense of murder as a party requires proof that the defendant, acting as a party, *caused the death of an individual*. Criminal conspiracy and engaging in organized criminal activity do not. Similarly, conspiracy and engaging in organized criminal activity require proof that the defendant *entered into an agreement, or conspired, with others*, which murder as a party does not.[9]

After his jury trial for conspiracy to commit murder, Brosky appealed his conviction. We summarily dismissed his double-jeopardy claim, stating,

This court has already evaluated and rejected each claim that Brosky now asserts on the issue of double jeopardy. We have already determined that engaging in organized crime and conspiracy is not a species of the lesser included offense of murder by complicity. We applied the *Blockburger* test and concluded that "both criminal conspiracy and engaging in organized criminal activity require proof of a fact—an agreement to commit an offense—that murder as a party did not." Next, in the murder prosecution, the jury was not instructed on the conspiratorial theory of parties, nor did the

---

[7]*Id.* at 785 (citation omitted).

[8]*Id.*

[9]*Id.* at 788.

4

prosecutor argue that Brosky acted as part of a conspiracy. This court also rejected Brosky's arguments based on *Pereira v. United States* and *United States v. Dixon* and held that the controlling precedent was *United States v. Felix*, where the United States Supreme Court recognized that a prosecution for conspiracy is not precluded by a prior prosecution for the substantive offense. Brosky has presented nothing new to this court requiring us to deviate from our holding in *Ex parte Brosky*.[10]

The holding of the *Montoya* court now causes trial and appellate courts, including this court, to take a curious step. Under the guise of the law of parties, we increase the burden of the State in a parties' prosecution beyond the burden established by the legislature. The legislature has never suggested that the State must prove an agreement among parties to an offense to convict a party of that offense. Often, the obvious lack of planning among parties is astounding. But, acting with intent to promote or assist the commission of the offense, they solicit, encourage, direct, aid, or attempt to aid the other person to commit the offense, and they manage to do so with startling frequency, sometimes amazing ingenuity, a total lack of appreciation of consequences, and usually a total absence of any evidence of planning.[11] They are guilty as parties to the offense because they did more than think about or plan the offense. They did an act. Conspirators, on the other hand, are guilty of thinking or planning, even though they commit no act. That is why the penalty for conspiracy is a degree lower than the offense that is the subject of the conspiracy. But when a person is

---

[10] *See Brosky*, 915 S.W.2d at 140 (citations omitted).

[11] *See* Tex. Penal Code Ann. § 7.02.

5

convicted of conspiracy under the cloak of the law of parties, that person may be convicted of the offense of planning or even just talking about committing the offense although he committed no act in furtherance of the conspiracy, and the State must prove the extra element of the agreement. And, suddenly, the State has an extra element added to its burden of proof.

The plain reading of section 7.02, "Criminal Responsibility for Conduct of Another" means just that. There are only two ways a person can be criminally responsible for the acts of another. A person is criminally responsible for the acts of another if he is guilty as a party (7.02(a)) or if he is a co-conspirator (7.02(b)). We presume the legislature means what it says.[12]

In the case now before this court, the learned trial judge recognized the distinction between guilt as a party and guilt as a co-conspirator under penal code section 15.02, Criminal Conspiracy, a different offense from the offense charged and carrying a penalty one degree lower than the target offense.[13] Although the charge instructed the jury to add to the State's burden of proof beyond that required by the legislature, the jury charge carefully included the requirement that the jury find Appellant committed an act:

> then and there at the time of the shooting was acting with and aiding
> or attempting to aid Dominique Jones in the execution of the robbery
> or burglary of Daniel Garner, if any, and that the shooting of Daniel

---

[12] *See* Tex. Gov't Code Ann § 311.021 (West 2013); *Clinton v. State*, 354 S.W.3d 795, 801–02 (Tex. Crim. App. 2011).

[13] *See* Tex. Penal Code Ann. § 15.02(d) (West 2011).

6

Garner was committed in furtherance of the conspiracy, if any, of Damian Murkledove and Dominique Jones to rob Daniel Garner or to burglarize the home of Daniel Garner and that the shooting of Daniel Garner, if any, was an offense that should have been anticipated as a result of the carrying out of the conspiracy, then you will find the defendant, Damian Murkledove, guilty of Capital Murder as charged in the indictment.

I understand that this is an attempt to explain and apply the law of transferred intent. But it is the unhappy attempt to improperly merge the law of parties with the law of conspiracy as required by *Montoya*. For the reasons stated above, I would admit that the *Montoya* court was incorrect in holding that section 7.02 is exclusively the law of parties, hold that following *Montoya* is error, and do away with this impossible burden we have placed on the trial court to craft a jury charge that reconciles the irreconcilable. The State has no burden to prove any prior planning, any malice aforethought, any agreement, or premeditation to convict a defendant as a party. We have no authority to add that which the legislature did not include in the State's burden of proof.

For all these reasons, I respectfully dissent from the majority opinion.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: May 15, 2014

7